# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**MICHAEL GIPSON # 11348-042**                                             **PETITIONER**

**VERSUS**                                        **CIVIL ACTION NO. 5:12cv62DCB-JMR**

**ARCHIE LONGLEY, WARDEN**                                       **RESPONDENT**

## REPORT AND RECOMMENDATION

This matter comes before this Court on the Motion to Change Venue [9] filed in this case by the Respondent, Archie Longley. Gipson filed grounds for relief to include his assertion that the principles in *Watson v. United States*[1] are retroactively applicable to his case; that a motion brought under 28 U.S.C. § 2255 is inadequate to test the legality of his sentence and that he is actually innocent of the conviction brought under 18 U.S.C. § 924(c)(1). [9, p. 2.] Longley contends that Gipson is attempting to have his sentence altered, and asserts that the case should be transferred to the sentencing court for further determination of the merits of Gipson's claims. [9, p. 3.]

Gipson asserts that he qualifies for relief under the savings clause of § 2255, because his conviction of aiding and abetting the use of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c) is a non-existent offense according to *Watson*. Under *Watson*, a defendant who trades drugs for a firearm does not "use" a firearm under 18 U.S.C. § 924(c). *Watson*, 552 U.S. at 83.

Although the respondent is unsure whether *Watson* even applies in Gipson's case, because he was convicted of aiding and abetting in the use of a firearm, transfer to the sentencing court would be most prudent, because the information needed for resentencing, should that

---

[1] 552 U.S. 74 (2007).

become necessary in this case, is located in the Northern District of Mississippi. [9, pp. 4-5.]

Gipson agrees that the petition should be transferred to the Northern District of Mississippi. [12, p. 7.] He contends that the transfer should occur after the Court has vacated his conviction and sentence. [12, p. 7.] Gipson also contends that the transfer should be "without prejudice to Mr. Gipson's right to refile the action in this judicial district" if the transferee court decline to exercise jurisdiction over the cases. (*Id.*)

A § 2241 petitioner challenging his present physical custody generally must file his application in his district of confinement. *Rumsfeld v. Padilla,* 542 U.S. 426, 443 (2004). In this case, the United States requested transfer of the case to the Northern District of Mississippi, where Gipson was sentenced. The Court finds that the United States' request amounted to a waiver of the *Rumsfeld* territorial-jurisdiction rule and further finds that the transfer should be granted, without prejudice to Gipson's ability to reinstate the action in this court or to file a new petition in any district of confinement if the instant petition is denied or dismissed for lack of jurisdiction by the Northern District of Mississippi. *See Moreland v. Federal Bureau of Prisons*, 431 F.3d 180, 184 n.8 (5th Cir. 2005), *cert. denied* 547 U.S. 1106 (2006). Accordingly, it is the recommendation of this Court that the Motion to Change Venue [9] should be granted and that this case be transferred to the Northern District of Mississippi as Gipson's sentencing court for consideration of the merits of his claims.

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, or by no later than November 27, 2012, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further

evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428–9 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

THIS the __th day of November, 2012.

*s/ John M. Roper, Sr.*
CHIEF UNITED STATES MAGISTRATE JUDGE